UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELWYN VOS,<br><br>         Plaintiff,<br><br>    v.<br><br>USAA GENERAL INDEMNITY<br>COMPANY, and DOES 1 through<br>100, inclusive,<br><br>        Defendants. | No.  2:19-cv-01186-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION TO REMAND** |

On December 28, 2018, Selwyn Vos filed a suit against USAA General Indemnity Company ("USAA GIC") in Sacramento County Superior Court alleging breach of contract, breach of the covenant of good faith and fair dealing, and elder financial abuse. Compl., ECF No. 1-1. Defendant removed the case to federal court. Notice of Removal, ECF No. 1. Arguing Defendant's removal was untimely, Plaintiff now moves to remand the case to state court. Mot., ECF No. 8. Defendant opposes Plaintiff's motion. Opp'n, ECF No. 11.

For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 10, 2019

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On June 15, 2016, Plaintiff renewed his USAA automobile insurance policy.  First Amended Complaint ("FAC"), ECF No. 1-2 ¶ 7.  The policy ran through December 15, 2016.  FAC ¶ 7.  The policy included $2,000 in extended benefits wage earner disability coverage per 30-day period.  FAC ¶ 8.  It also provided essential services disability coverage of $45.00 per week.  FAC ¶ 8.  On July 2, a motorist rear-ended Plaintiff.  FAC ¶ 9.  At the time, Plaintiff operated a 40-acre vineyard.  FAC ¶ 10.  Plaintiff suffered injuries as a result of the accident that now prevent him from operating his vineyard.  FAC ¶ 11.

Following the accident, Plaintiff filed a claim for benefits with USAA, but Defendant denied his claim, in part.  FAC ¶ 12-25.  Plaintiff now alleges that Defendant knowingly deprived him of benefits his policy afforded.  FAC ¶ 26.  Specifically, Defendant refused to pay any wage earner disability payments and only partially paid essential services disability payments.  FAC ¶ 26.  Plaintiff further alleges that Defendant's failure to timely pay his benefits prevented him from staying current on his mortgage payments for his vineyard.  FAC ¶ 27.  As a result, the bank foreclosed upon the property and sold it for less than its fair market value.  FAC ¶ 27.

Plaintiff filed suit in December 2018.  Complaint, ECF No. 1-1.  On June 24, 2019, Plaintiff served a California Code of Civil Procedure § 998 Offer to Compromise on USAA GIC seeking USAA GIC's agreement to take a judgment against it in exchange for $250,000.  Offer to Compromise, ECF No. 1-4.  Two days later, Defendant removed the case to federal court, invoking the Court's

diversity jurisdiction.  Notice of Removal, ECF No. 1.  Defendant maintains the Offer to Compromise first put them on notice of the amount in controversy.  Notice of Removal ¶¶ 22-26.

## II.  OPINION

Generally, when the United States courts have original jurisdiction over a civil action filed in state court, a defendant may remove the suit to the federal court in "the district and division embracing the place where [the suit] is pending."  28 U.S.C. § 1441(a).  Removal of a state action "may be based on either diversity jurisdiction or federal question jurisdiction."  Godoy v. Family Dollar, Inc., No. 1:16-cv-00969-DAD-JLT, 2016 WL 4925826, at *1 (E.D. Cal. Sept 16, 2016) (citing City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 163 (1997)).  Defendants bear the burden of proving, by a preponderance of the evidence, the basis of the federal court's jurisdiction.  Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002).

Here, Plaintiff argues the Court should remand this suit to Sacramento County Superior Court because Defendant's removal was untimely.  Mot. at 6.  Section 1446(b) creates two thirty-day windows for removing a case from state court.  Godoy, 2016 WL 4925826, at *2.  When the presence of federal jurisdiction is clear on the face of the complaint, defendants must file a notice of removal within thirty days of receiving the initial pleading.  28 U.S.C. § 1446(b)(1).  When the complaint does not set forth grounds for federal jurisdiction, defendants must file their notice of removal within thirty days of receiving "a copy of an

3

amended pleading, motion, order or other paper from which it may first be ascertained that the case . . . is or has become removable." 28 U.S.C. § 1446(b)(3).

Plaintiff does not dispute that Section 1446(b) creates two distinct removal periods, nor does he contend his complaint put Defendant on notice of the amount in controversy. Rather, he argues that his April 15, 2019 discovery responses made clear he was seeking more than $75,000, and thus, triggered Section 1446's second removal window. Mot. at 4. When assessing removability, "defendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence" in conducting their analysis. Kuxhausen v. BMW Financial Services NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations and citation omitted). Plaintiff maintains that the following was sufficient to put Defendant on notice:

1. Plaintiff's response to Defendant's Special Interrogatory No. 22, stating that, in regard to wage earner disability benefits owed to him, the amount owed was "[u]nknown at this time but at least $24,000.00," see Exh. D to Mot.;

2. Plaintiff's attorney fee agreement establishing that he had entered into an agreement of 38.33 percent of the amount recovered at or before mediation or court-ordered settlement conference and 45 percent thereafter, see Exh. E to Mot.;

3. Plaintiff's September 20, 2018 letter to Defendant stating that Plaintiff sought $242,179.00 for damages caused by Defendant's unreasonable failure to pay benefits due under the wage earner disability coverage and millions of dollars for financial elder abuse, see Exh. F to Mot.; and

4.    A bill for $42,676.80 in caretaking services issued to Plaintiff and not paid by Defendant, see Exh. G to Mot.

        This Court finds Plaintiff's September 20, 2018 letter sufficiently put Defendant on notice that the amount in controversy exceeded $75,000.  This letter plainly states that if the amount allegedly owed to Plaintiff under his policy was not paid by a specified date, Plaintiff would file suit for "the billed amount $242,179.00."  See Exh. F to Mot.  No extrapolation or guesswork was necessary for Defendant to discern the potential amount in controversy.

        Further, the fact that the letter was first sent to Defendant before litigation commenced is of no consequence.  A document "received prior to the receipt of the initial pleading cannot trigger the second thirty-day removal period" under Section 1446(b).  Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010). But Plaintiff sent the letter to Defendant again after the suit began.  Cf. id. at 885–86 (holding a demand letter received only prior to receipt of the initial pleading could not trigger the second thirty-day removal period).

        Thus, the Court finds the letter, dated September 28, 2018, and disclosed in discovery, was by itself sufficient to put Defendant on notice of the case's removability.  The Court need not analyze Plaintiff's other bases for putting Defendant on notice of the amount in controversy or address Plaintiff's argument that "substantial offensive or defensive action" in state court prior to removal warrants remanding the case.  Given that Defendant received the letter on April 15, 2019, they had until May 15, 2019 to remove the case to federal court.  See 28

U.S.C. § 1446(b)(3). Defendant failed to meet this deadline. The Court, therefore, finds Defendant's removal was not timely.

                        III. ORDER

     For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand this case back to the Sacramento County Superior Court.

     IT IS SO ORDERED.

Dated: October 8, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE